IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2133-FL

| | |
|---|---|
| NAJIB SHEMAMI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN SARA M. REVELL, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the motion to dismiss, or in the alterative, for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE # 7) of respondent Warden Sara M. Revell ("respondent"). The matter was fully briefed. Also before the court are petitioner's motion to appoint expert (DE # 15) and motion to amend/correct (DE # 16). Respondent did not respond to petitioner's motions. In this posture, the matters raised are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss, and denies petitioner's motions.

## BACKGROUND

On June 9, 2009, petitioner, in the United States District Court for the Eastern District of Michigan, was sentenced to a forty-six (46) month term of imprisonment for violation of the International Emergency Economic Powers Act. United States v. Shemami, No. 2:07-CR-20160 (E.D. Mich. June 15, 2009). Two months after sentencing, petitioner was diagnosed with stage IV

---

[1] Because the parties attached matters that are outside of the pleadings, the court construes respondent's motion as a motion for summary judgment.

malignant thymoma. Petitioner self-reported to the Federal Medical Center in Butner, North Carolina ("Butner") in March 2011. Id. (Mar. 14, 2011).

On November 3, 2011, Butner's Reduction in Sentence Committee ("Committee") reviewed petitioner's case for a possible recommendation for a reduction in sentence. Coll Aff. ¶ 6. The Committee recommended denial of petitioner's request for a reduction in sentence due to the nature of his offense and his ability to reoffend. Id. The warden concurred. Id. On November 30, 2011, the warden denied petitioner's request for a reduction in sentence. Id.

On February 21, 2012, petitioner filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), with his sentencing court. United States v. Shemami, No. 2:07-CR-20160 (E.D. Mich. Feb. 21, 2012). Petitioner's motion was denied on March 1, 2012. Id. (Mar. 1, 2012). Petitioner's projected release date currently is July 20, 2014. Coll Aff. ¶ 4.[2]

On June 8, 2012, petitioner, through counsel, filed this habeas petition pursuant to 28 U.S.C. § 2241. Petitioner requests that the court direct that he be released from the Federal Bureau of Prisons ("BOP") custody. Alternatively, petitioner requests that the court order the BOP to move the sentencing court for a reduction in sentence, or compassionate release.

Respondent subsequently moved for summary judgment, arguing that petitioner is not entitled to the relief he requests. The matter was fully briefed. Petitioner subsequently filed a motion to appoint expert and a motion to amend/correct.

---

[2] Cornelia J. Coll ("Coll") submitted an affidavit in support of respondent's motion to dismiss. Coll is employed by the Federal Bureau of Prisons as a Paralegal Specialist. Coll Aff. ¶ 1.

2

## DISCUSSION

A. Petitioner's Motions

Petitioner's motion to appoint expert and a motion to amend/correct appear to be an effort to supplement his response to respondent's motion for summary judgment. The court ALLOWS the supplemental filings.

B. Respondent's Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

Petitioner seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) allows the sentencing court, upon motion of the Director of the BOP, to reduce an inmate's term of imprisonment for the following reasons: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the inmate is at least seventy (70) years of age, has served at least thirty (30) years in prison for a sentence under § 3559(c), and the BOP has determined the inmate

3

does not pose a danger to anyone or the community; and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Here, the BOP has denied petitioner's request for release pursuant to § 3582(c)(1)(A). Courts consistently have denied motions seeking compassionate release unless they are filed by the Director of the BOP. Dodson v. Federal Bureau of Prisons, No. 1:11-0411, 2012 WL 1067870, at * 1 (S.D.W. Va. Mar. 29, 2012); Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (per curiam) (collecting cases) ("[A] number of courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable.") Here, the Director of the BOP denied petitioner's motion pursuant to § 3582(c)(1)(A). Petitioner may not seek review of the BOP's decision. Crowe, 430 F. App'x at 485. Thus, the court GRANTS respondent's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, petitioner's motions to supplement (DE #s 15, 16) are GRANTED. Respondent's motion for summary judgment (DE # 7) also is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20TH day of March, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

4